# QUINE *et al. v.* WOLCOTT.

(Division B.   Sept. 26, 1932.)

[143 So. 424.   No. 29907.]

Brandon & Brandon, of Natchez, for appellant.

334

**J. T. Drake,** of Port Gibson, for appellee.

**R. B. Anderson,** of Port Gibson, for appellee.

338

Argued orally by **G. H. Brandon**, for appellant, and by **R. B. Anderson**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellants contend that the court erred in finding that appellee and Quine were partners in the "F. C. Huntington's Mighty Minstrels." There was no controversy between the parties as to the applicable principles of law; it was purely an issue of fact as to whether there was a partnership and as to the interest of each partner in the business. The chancellor found as fact that there was a partnership and that appellee and the deceased were equal partners. Unless such finding of fact is against the overwhelming weight of the evidence it must stand, as this court has repeatedly held. It is true that the evidence tending to show the partnership and the interest of the partners in the business was largely circum-

stantial, but there was direct evidence of declarations to that effect made by Quine in his lifetime. We think there was ample evidence to sustain the finding of the chancellor.

The court allowed appellee to retain out of the share of Quine in the partnership assets the sum of one thousand, six hundred nine dollars paid out by him for Quine's funeral expenses. The allowance of this item of the account is objected to on two grounds: First, that it is exorbitant and unreasonable, and, second, that under the law appellee as surviving partner had no right to retain the amount out of the partnership assets, conceding that it was a just claim for which Quine's individual estate was liable. We will consider these questions in the order stated. There was sufficient evidence to sustain the finding of the chancellor that the claim was not exorbitant and unreasonable. The evidence of the undertaker showed that the charge was reasonable, and furthermore there was evidence tending to show that appellant Mrs. Mary E. Quine, the widow of the deceased, recognized the reasonableness and justness of the claim and agreed that it should be paid by appellee out of her husband's share in the partnership assets. In considering the second ground it must be borne in mind that partnership creditors were not concerned in this allowance. The partnership debts had been paid. The question arises between the surviving partner and the administrator of the estate of the deceased partner. In its last analysis the question is whether or not appellee, as surviving partner, shall lose this amount, an amount which the chancellor found to be a reasonable and just claim against the estate of the deceased partner.

This cause is one of equitable cognizance, therefore equitable principles are to be applied. We hold that advances from partnership assets made by a surviving partner to the widow or heirs of a deceased partner are chargeable against the share of such widow or heirs,

and not against the partnership assets.  47 C. J. 1080, sec. 679 F.

Appellee probated a claim against the estate of Quine in the sum of nine hundred fifty dollars.  This was allowed by the chancellor.  We think there was sufficient evidence to sustain the allowance.

The court allowed appellee the sum of four hundred fifty dollars to reimburse him for attorney's fees expended by him for the services of his attorneys in the administration of the partnership estate, including their services in defending the proceeding by appellants in the chancery court to remove appellee as administrator of the estate.  The chancellor on sufficient evidence found the amount reasonable.  It is contended that under the law the allowance of attorney's fees to the surviving partner for such services is not authorized.  There is no merit in this contention.  The costs and expenses of suits involving partnership accounting, including the fees of experts, accountants, auditors, and attorneys, are to be paid out of the partnership assets.  47 C. J. 1271, sec. 1007.  Under the law appellee had the right to administer and wind up the partnership estate, and it was his duty to defend that right when it was attacked.  In so doing he was not acting for himself alone, but for the benefit of all the parties interested.  The employment of attorneys to defend the action was a necessary expense incurred in the administration of the partnership estate and allowable as any other necessary expense of its administration.

In the progress of the trial appellants dictated into the record an objection to the deposition, as a whole, of Smith, the undertaker.  The ground of the objection was apparent irregularities in giving notice to opposing counsel of the taking of the deposition and the issuance of the commission and the filings.  Under the view we take, it is unnecessary to set out these grounds.  The court overruled the objection.  This action of the court is assigned and argued as error.  Section 1548 of the Code

of 1930 provides, among other things, that "all objections to a deposition, in whole or in part shall be made in writing and filed before the beginning of the trial. The court, on motion of either party, shall determine the objections so made and filed before entering upon the trial, and if the objections or a part thereof be sustained, may, in proper cases, allow time to retake the deposition." That course prescribed by the statute was not followed. The policy of the statute is at once apparent. Its purpose was to avoid unnecessary expenses and delay. To illustrate: A trial proceeds with witnesses produced before the court by both sides; near the close of the evidence one party offers a deposition; the adversary party objects to it for the first time upon certain grounds; the court holds that the objection is well taken, but orders, for a sufficient reason, that the party offering the deposition be allowed to retake it, and for that purpose continues the cause until the next term of court. Time and expense have been incurred in the trial of the cause up to the time of the offering of the deposition. At the next term of the court the deposition has been retaken. The whole trial is gone over again. The fault in the first taking of the deposition has been cured and it is admitted.

Appellants contend that the evidence was insufficient to show that the money orders, bank drafts, cash, and other property found in the safe in the show car, and also the deposit of two thousand, five hundred two dollars and eighty-eight cents in the bank at Port Gibson in the name of Quine were partnership property. This was an issue of fact found by the chancellor in favor of appellee, based on sufficient evidence. We cannot see that it would answer any useful purpose to set out the evidence pro and con on this issue.

We do not think there is sufficient merit in the other questions argued by appellants to call for a discussion by the court.

Affirmed.